UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Olga Fedorova,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Newsweek Digital LLC,<br><br>　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Olga Fedorova ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Newsweek Digital LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a series of videos at a Donald Trump protest (the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a news and media company which owns and operates a website at domain www.newsweek.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively displayed the Videos on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff Olga Fedorova is an individual who is a citizen of the State of New York and resides in Queens County, New York.

6. Upon information and belief, defendant Newsweek Digital LLC, is a New York

1

limited liability company with a principal place of business at 1 World Trade Center, Floor 72, New York City in Manhattan, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videographer by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On June 30, 2023, Plaintiff first published a video of protestors chanting as former United States President Donald Trump arrived in Philadelphia, Pennsylvania for the Moms for Liberty Conference ("*Video 1*"). A screengrab of Video 1 is attached hereto collectively as Exhibit 1.

15. In creating Video 1, Plaintiff personally selected the subject matter, timing,

2

lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

16. On July 25, 2023, Video 1 was registered by the USCO under Registration No. PA 2-428-689.

17. On June 30, 2023, Plaintiff first published a video of protestors cursing at former United States President Donald Trump as he arrived in Philadelphia, Pennsylvania for the Moms for Liberty Conference ("*Video 2*"). A copy of Video 2 is attached hereto collectively as <u>Exhibit 1</u>.

18. In creating Video 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

19. On July 25, 2023, Video 2 was registered by the USCO under Registration No. PA 2-428-691.

20. Video 1 and Video 2 are herein referred to as the "*Videos*".

21. Plaintiff created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution.

22. Plaintiff is an independent contributor to FNTV, LLC.

23. On July 6, 2023, an invoice was sent on behalf of Plaintiff by FNTV, LLC to Defendant seeking to address the licensing fee concerning Defendant's infringements of Plaintiff's rights-protected works.

24. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

25. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

**B.** <u>**Defendant's Infringing Activity**</u>

26. Defendant is the registered owner of the Website and is responsible for its content.

27. Defendant is the operator of the Website and is responsible for its content.

28. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

29. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

30. The Website is monetized in that it offers subscription services to the public and, upon information and belief, Defendant profits from these activities.

31. On or about June 30, 2023, Defendant displayed the Videos on the Website as part of an on-line story at URL: https://www.newsweek.com/trumps-motorcade-heckled-moms-liberty-event-traitor-1810276. Copies of screengrabs of the Website including the Videos is attached hereto collectively as Exhibit 2.

32. Without permission or authorization from Plaintiff, Defendant volitionally displayed Plaintiff's copyright protected Videos on the Website.

33. Plaintiff first observed and actually discovered the Infringements on July 14, 2023.

34. Upon information and belief, the Videos were displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

35. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

36. The Infringements are exact copies of Plaintiff's original video recordings that were directly by Defendant on the Website.

37. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Videos.

38. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents,

including but not limited to Kaitlin Lewis whereby Defendant's Website lists her as "Reporter on the Night Team" (the "*Employees*").

39. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

40. Upon information and belief, the Videos were willfully and volitionally posted to the Website by Defendant.

41. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

42. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

44. Upon information and belief, Defendant monitors the content on its Website.

45. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

46. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in the revenues generated via its paid advertisements and its subscription services sales.

47. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Website.

48. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

49. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential

market for the Videos.

50.As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

51.Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52.The Videos are original, creative works in which Plaintiff owns a valid copyright.

53.The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54.Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55.Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56.Defendant's display of the Videos constitutes willful copyright infringement.

57.Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using it on the Website.

58.As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

59.As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in

its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **JURY DEMAND**

61. Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by displaying it without a license or consent;

  b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

  d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e. for pre-judgment interest as permitted by law; and

  f. for any other relief the Court deems just and proper.

//

//

//

DATED: November 2, 2023

                                                   **SANDERS LAW GROUP**

                                                   By:   */s/ Craig B. Sanders*
                                                   Craig B. Sanders, Esq.
                                                   333 Earle Ovington Blvd, Suite 402
                                                   Uniondale, NY 11553
                                                   Tel: (516) 203-7600
                                                   Email: csanders@sanderslaw.group
                                                   File No.: 128780

                                                 *Attorneys for Plaintiff*